# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| OCEANIC EXPLORATION COMPANY and PETROTIMOR COMPANHIA DE PETROLEOS, S.A.R.L., <br><br> *Plaintiffs*, <br><br> v. <br><br> CONOCOPHILLIPS, INC., *et al.*, <br><br> *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No(s).: 1:04-cv-00332-EGS |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER GOVERNING CONTACT OF CURRENT AND FORMER EMPLOYEES OF ADVERSE PARTIES**

Petrotimor has apparently decided, in responding to this motion, that "the best defense is an offense." Rather than simply admitting that its investigator crossed the line by contacting current and former employees of ConocoPhillips affiliates without disclosing his purpose and involvement in this litigation, and agreeing to rein in the investigator, Petrotimor has taken the position that such contacts are perfectly appropriate, and now asserts that "[t]he ConocoPhillips defendants ask the Court to improperly limit [Petrotimor's] investigation of defendants' misconduct." Opp. 1.[1] That assertion turns the law upside down. Petrotimor has every right (indeed, an obligation) to investigate its allegations, but no right to contact current and former employees of adverse parties in litigation without disclosing up front the nature and purpose of

---

[1] Petrotimor endorses its investigator's conduct at least in part because he has training and experience in Australian law enforcement. Opp. 1-2. That is beside the point. Mr. Sing may very well be trained in Australian police tactics, where, "[i]t is recognised that the effective investigation of offences by police *may involve subterfuge and deceit*," *Goncalves v. The Queen*, 99 A. Crim. R. 193, 1997 WL 33115833 (W.A. Ct. Crim. App. Dec. 18, 1997) (emphasis added; citations omitted), without understanding or complying with D.C. Rules that prohibit such deceit.

the contacts. That conduct violates not only the D.C. Rules of Professional Conduct, but also basic principles of professionalism and common sense. Because Petrotimor's refusal to comply with the rules unfortunately requires this Court's intervention, ConocoPhillips respectfully requests the entry of its proposed order to ensure such compliance.

The most striking thing about Petrotimor's opposition brief is that it does not deny the core allegation of ConocoPhillips' motion: that Petrotimor's investigator contacted employees of ConocoPhillips affiliates and not only failed to identify, but affirmatively misrepresented, the nature and purpose of the contact. ConocoPhillips has produced a sworn declaration by Maura Hinds, an employee in the Perth, Australia, office of an affiliate, stating that Petrotimor's investigator, Alan Sing, called her and "identified himself as a family member of Mr. Weir's and said that he had some bad news to relay to Mr. Weir." Hinds Decl. ¶ 2. In response, Sing denies that he identified himself as a "family member" or that he expressed a desire to relay "bad news," but concedes that he said that he "would like to speak to Mr. Weir urgently" about "a private matter." Sing Decl. ¶ 8. That concession alone, of course, proves the point, because contacting Mr. Weir as part of an investigation related to a lawsuit is by no stretch of the imagination "a private matter." And Sing further concedes that he "did not tell [Hinds] that I was acting on behalf of" the plaintiffs in this litigation, and that he not only failed to dispel confusion his statements admitted caused, but deflected questions about his identity and the nature of the call. *Id.* at ¶ 9. Again, that concession proves the point, because an investigator is not allowed to contact employees of an adverse party without identifying the nature and purpose of the contact and correcting any misunderstandings.

Accordingly, Sing's conduct violated the D.C. Rules of Professional Conduct, which prohibit attorneys from using misrepresentation or deceit in dealing with others, and requires attorneys contacting employees of an adverse party to identify themselves and their

2

representation of an adverse party, preferably in writing. D.C. R. Prof. Conduct 4.2; *see also id.* Rule 4.1 (prohibiting attorneys from making any material misrepresentation to or knowingly deceiving another person); *id.* Rule 4.3 (prohibiting attorneys from implying disinterest and requiring efforts to correct misunderstandings); *id.* Rule 5.3 (requiring attorneys to ensure that their agents abide by the same standards of professional conduct); *id.* Rule 8.4(c) (attorneys may not "[e]ngage in conduct involving dishonesty, fraud, deceit, or misrepresentation"); D.C. Ethics Op. 129 ("[I]f inquiry is made by the witness of the investigator as to whom he represents, it would be the duty of the investigator to disclose" that information); *id.* ("the attorney or his agent must disclose his identity and the fact that he represents a client with a claim against the employee's employer."); D.C. Ethics Op. 287 (D.C. R. Prof. Conduct 4.3 "requir[es] the lawyer to take *affirmative steps to avoid misunderstandings* and assure that the former employee correctly understands the lawyer's role in the matter.") (emphasis added).

Petrotimor responds with platitudes about the importance of "fully investigat[ing] the facts and collect[ing] the evidence underlying its claims." Opp. 5. But that is not the issue. There are ethical and fair means of carrying out an investigation, and there are unethical and unfair means of carrying out an investigation. The problem here is not that Petrotimor is carrying out an investigation, but that it is using unethical and unfair means. *See* D.C. Ethics Op. 129 ("The ascertainment of truth is always essential to the administration of justice and it is the duty of the attorney to learn the facts by every *fair* means within his reach.") (emphasis added; quoting ABA Formal Op. 117). Petrotimor's argument that this motion seeks to "impede" its investigation, Opp. 6, and "control the flow of information," Opp. 7 (internal quotation omitted), is thus a red herring. Nothing in ConocoPhillips' proposed order would impede a fair investigation into the facts, or even prevent Petrotimor from contacting current and/or former employees of the ConocoPhillips defendants. Rather, the proposed order simply tracks the

3

relevant rules by specifying that, in the event of any such future contacts, Petrotimor or its agents must first make simple disclosures, such as their identity and the nature and purpose of the contact, and refrain from misrepresentations. The bottom line here is that employees of ConocoPhillips defendants are entitled to know the identity of a Petrotimor agent and the nature and purpose of his inquiry before deciding to speak with him.

Petrotimor argues, however, that Sing's contacts with employees of ConocoPhillips affiliates were not related to "the subject of the representation," Opp. 8, suggesting therefore that Sing not only had no obligation to seek counsel's consent, but also no obligation to identify himself. That argument does not pass the straight-face test. Sing did not contact the employees to conduct business unrelated to this investigation. Rather, by his own admission, Sing contacted the employees as part of his investigation into the allegations at issue in this litigation, Sing Decl. ¶¶ 1, 5-10; his contacts with Ms. Hinds and Ms. Dearle were necessarily related to the subject of this litigation.

Nor can Petrotimor justify Sing's conduct by arguing that Weir's telephone number is "publicly available information." Opp. 10. That argument refutes itself, because if Weir's telephone number was "publicly available," then presumably Petrotimor would not have had to engage in subterfuge to obtain it. Contrary to Petrotimor's assertion, the contact information of former employees of ConocoPhillips affiliates is not "generally available to the public." *Id.* If Sing had disclosed his affiliation with Petrotimor and the nature and purpose of his call, he would not have obtained the information he sought. The misrepresentation was thus self-evidently "material," because it allowed Sing to obtain information he would not have obtained but for the misrepresentation.

Finally, a word is in order about Petrotimor's repeated assertion that "Mr. Weir did not deny that the ConocoPhillips Defendants bribed Mr. Alkatiri." Opp. 12; *see also id.* at 4 ("Mr.

4

Weir did not deny that such bribes took place. Mr. Weir did not disclaim any knowledge of those bribes."). Petrotimor here is just playing with words. The Sing Declaration attached to Petrotimor's brief states that "Mr. Weir *neither* confirmed nor denied that he had such knowledge." Sing Decl. ¶ 10 (emphasis added). Even according to Sing, thus, Weir did not address the issue either way. (An employee of a ConocoPhillips company, George Manning, has stated in a sworn declaration that Weir told him that "he was not aware of any such thing." Manning Decl. ¶ 3). Petrotimor's repeated assertion that Weir "did not deny" the allegations can thus be interpreted only as an attempt to suggest that he confirmed those allegations to Sing, which is flatly untrue (as are the underlying allegations themselves). Petrotimor may treat this all as a big game, but it is not. These are serious allegations, and should be handled in a serious and professional way, not by having an agent play telephone games in Australia or by playing word games in a brief.

      Accordingly, ConocoPhillips respectfully requests this Court to enter the proposed order attached to its motion.

5

                                                  Respectfully submitted,

Dated: August 2, 2004

                                                  /s/

Martin D. Beirne (D.D.C. Bar # TX0025)    Thomas D. Yannucci, P.C. (D.C. Bar # 358989)
Jeffrey T. Nobles*    Michael D. Jones (D.C. Bar # 417681)
W. Bruce Stanfill*    Christopher Landau (D.C. Bar # 425319)
David A. Pluchinsky*    Brant W. Bishop (D.C. Bar # 459255)
BEIRNE, MAYNARD & PARSONS, LLP    James M. Koukios (D.C. Bar # 477072)
1300 Post Oak Blvd., 25th Floor    KIRKLAND & ELLIS LLP
Houston, TX 77056    655 Fifteenth Street, N.W.
(713) 623-0887    Washington, DC 20005
(713) 960-1527 (facsimile)    (202) 879-5000
    (202) 879-5200 (facsimile)

* Admitted *pro hac vice*    Russell D. Howell (*Of Counsel*)
    CONOCOPHILLIPS COMPANY
    McLean Building
    600 North Dairy Ashford Road
    P.O. Box 4783
    Houston, TX 77210

*Counsel for Defendants ConocoPhillips and ConocoPhillips Company*