# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| OCEANIC EXPLORATION CO., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CONOCOPHILLIPS, *et al.*,<br><br>Defendants. | Civil Action Number:  4:07-cv-00815 |

## CONOCOPHILLIPS' MEMORANDUM OF LAW IN OPPOSITION TO OCEANIC'S MOTION TO STRIKE

In its motion under Rule 12(c), ConocoPhillips has shown that three separate decisions of the United States Supreme Court — *Associated General Contractors*, *Holmes* v. *SIPC* and *Anza* v. *Ideal Steel Supply* — require judgment for ConocoPhillips on the pleadings based on Oceanic's failure to plead proximate cause.  Being without valid response, Oceanic does not wish this Court to decide that motion.  Oceanic thus asks the Court to strike the Rule 12(c) motion.  That request is both improper and ill-founded.

First, as a threshold matter, the Federal Rules of Civil Procedure do not provide for a motion to strike a motion.  Oceanic contends that ConocoPhillips is seeking to "relitigate" issues that were already argued in the District of Columbia before this case was transferred and to "reverse" Judge Sullivan's rulings on those issues.  Even were this true, the proper course would be for Oceanic to make that argument in its answering brief on the Rule 12(c) motion.

But it is not true, and Oceanic's own motion papers prove it:  after reviewing several passages of the parties' briefing and Judge Sullivan's findings on issues *other* than proxi-

mate cause (Oceanic Brief at 2-7), Oceanic then faults ConocoPhillips for *not* citing to Judge Sullivan the Supreme Court's *AGC*, *Holmes* and *Anza* decisions upon which the Rule 12(c) motion is based.  *Id.* at 7.  But as is obvious, ConocoPhillips cannot very well be seeking to "relitigate" or "reverse" Judge Sullivan's decisions on issues that were never before him.  *See* Part 1, *infra*.

Oceanic next contends that ConocoPhillips somehow waived the right to rely upon controlling Supreme Court authority requiring dismissal of this action by virtue of statements made by ConocoPhillips in the District of Columbia Court in connection with the motion to transfer venue.  As shown below in Part 2, this claim by Oceanic mischaracterizes the record and otherwise rests upon a misconception of the "law of the case" doctrine.  Contrary to Oceanic's urgings, the doctrine does not require the parties to perpetuate litigation on claims that three Supreme Court decisions preclude as a matter of law.

Finally, if its motion to strike is denied, Oceanic alternatively asks this Court to refrain from deciding the Rule 12(c) motion until Oceanic takes discovery.  But the Rule 12(c) motion challenges the adequacy of Oceanic's *pleading*:  as shown in that motion, Oceanic has not pleaded, and cannot plead, the directness of injury and non-speculative "certainty of damages" required by the Supreme Court's precedents.  Discovery will have no bearing on Oceanic's failure to plead proximate cause.  *See* Part 3, *infra*.

Oceanic's motion to strike and alternative request for discovery should be denied.

## <u>Argument</u>

1.    **CONTRARY TO OCEANIC'S CONTENTION, THE DISTRICT OF COLUMBIA COURT DID NOT RULE ON THE ISSUE OF PROXIMATE CAUSE.**

With its claim that Judge Sullivan rejected the argument that ConocoPhillips raises on its Rule 12(c) motion, Oceanic either misses or chooses to miss the point of that motion.  Oceanic Brief at 2.  Either way, Judge Sullivan did no such thing.

The issue on ConocoPhillips' Rule 12(c) motion is Oceanic's failure to satisfy the pleading requirements of proximate cause for a claim under RICO, the antitrust laws or the common law — in particular the requirements of direct injury and certainty of damages.  As shown in ConocoPhillips' brief on the Rule 12(c) motion (at pages 12-25), those requirements are firmly entrenched in the common law; the Supreme Court has expressly incorporated them into the RICO and antitrust statutes in three separate decisions — *AGC*, *Holmes* and *Anza*; and they bar all of Oceanic's claims as a matter of law.

That issue of proximate cause was never briefed and never decided in the District of Columbia Court.  The only issue of causation that Judge Sullivan addressed is the requirement of Article III constitutional standing:  that a plaintiff allege "but for"/injury-in-fact causation (*see Oceanic* v. *ConocoPhillips*, No. 04-332, 2006 WL 2711527, at *10-11 (D.D.C. Sept. 21, 2006)) — a requirement that is distinct from proximate cause and that presents a far lower pleading threshold for a plaintiff to satisfy.  *See Duke Power* v. *Carolina Envtl. Study Group*, 438 U.S. 59, 74-75, 77-78 (1978); *Holmes* v. *SIPC*, 503 U.S. 258, 265-66 & n.11, 268 (1992).[1]

---

[1]    Judge Sullivan likewise read the argument that ConocoPhillips presented on the separate RICO requirement of injury to "business or property" — which appeared on page 27 of ConocoPhillips' Rule 12(b)(6) brief and is quoted by Oceanic at page 4 of its brief on this motion — as merely a reprise of ConocoPhillips' argument on Article III standing and therefore governed by the same injury-in-fact test.  *Oceanic*, 2006 WL 2711527, at *15 n.29.

The bottom line is that the Supreme Court's proximate-cause holdings in *AGC*, *Holmes* and *Anza* were never presented to Judge Sullivan, and Oceanic itself makes this clear. For, after complaining at length about ConocoPhillips' supposed effort to "relitigate" issues, Oceanic then contradicts that very contention by chiding ConocoPhillips for *not* citing *AGC*, *Holmes* and *Anza* in the District of Columbia Court.  Oceanic Brief at 7.  But it is clear that a party does not waive a ground for merits dismissal by omitting it upon a Rule 12(b)(6) motion. *Stoffels* v. *SBC Communications*, 430 F. Supp. 2d 642, 647-49 (W.D. Tex. 2006) (defense that was available but not asserted on defendant's first motion under Rule 12(b)(6) is not waived and may be asserted on a later Rule 12(c) motion) (citing Rules 12(g) and 12(h)(2), 5C Wright & Miller, *Federal Practice & Procedure* § 1385, and 2 James Wm. Moore, *et al.*, *Moore's Federal Practice* § 12.23).

*AGC*, *Holmes* and *Anza* are the controlling authorities on the Rule 12(c) motion. At no point did the District of Columbia Court view any of Oceanic's allegations through the lens of proximate cause and the requirements of direct injury and certainty of damages that the Supreme Court articulated in those cases.[2]

## 2. CONOCOPHILLIPS NEVER WAIVED ANY RIGHT TO INVOKE *AGC*, *HOLMES* AND *ANZA*.

Beyond attempting to claim that Judge Sullivan has already ruled on the proximate cause issue — notwithstanding that *AGC*, *Holmes* and *Anza* were not before the District of

---

[2]     Oceanic cites to a passage of the District of Columbia Court's opinion dealing with a particular element of Oceanic's common-law claim for intentional interference with prospective economic advantage — the requirement of a valid business relationship or expectancy.  Oceanic Brief at 2-3, 6 (citing *Oceanic*, 2006 WL 2711527, at *20).  The Court's ruling on that issue was likewise not addressed to the issue of proximate cause and did not consider the tortuous, indirect causal chain that is the premise of Oceanic's complaint.  *See* 2006 WL 2711527, at *20.

Columbia Court — Oceanic contends that ConocoPhillips waived the right to invoke those cases in this Court.  The contention is meritless.

Oceanic's waiver claim rests upon statements that ConocoPhillips made in its briefs on the motion to transfer venue — *i.e.*, that "[t]he work undertaken by this Court in deciding the motions to dismiss will not be wasted" and "will travel with the case subject to the ordinary constraints of the 'law of the case' doctrine."  Oceanic Brief at 8 (quoting ConocoPhillips' opening brief on the transfer motion at page 14 and reply brief at page 15).  Those statements are no help to Oceanic in its attempt to evade the Rule 12(c) motion.

*First*, ConocoPhillips upon its Rule 12(c) motion is *not* asking this Court to review the "work undertaken" by Judge Sullivan on the issues that ConocoPhillips *did* raise in its Rule 12(b)(6) motion:  the Act of State doctrine, Article III standing, and the failure to meet *other* particular requirements of RICO, antitrust and the common law.  But the "work undertaken" by the District of Columbia Court on that motion did *not* include any consideration of the *AGC*, *Holmes* and *Anza* decisions that mandate judgment for ConocoPhillips here on the requirement of proximate cause.  Again, Oceanic itself makes that point where it faults ConocoPhillips for *not* citing those decisions to Judge Sullivan.  Oceanic Brief at 7.

*Second*, even if Judge Sullivan had considered those cases and nonetheless ruled that Oceanic had satisfied the pleading requirements of proximate cause, the "law of the case" doctrine would not prevent this Court from revisiting that issue.  Indeed, Oceanic's own authorities establish that a decision by a prior judge does not operate as a straitjacket upon the successor judge.  As made clear by the Fifth Circuit in *Loumar, Inc.* v. *Smith*, 698 F.2d 759 (5th Cir. 1983) — cited by Oceanic at page 10 of its brief — just as the "predecessor judge could always have reconsidered his initial decision so long as the case remained in his court," the successor judge is under no stronger constraint.  *Id*. at 762.  Rather, the successor judge has "bountiful dis-

cretion" to "review the work that was done before the case came to him." *Id.* at 763. For, as the Fifth Circuit reasoned, "[i]f the facts presented to [the successor judge] truly showed" that the case should not go forward, notwithstanding the predecessor judge's contrary determination, "it would have been sheer waste for [the successor judge] to permit a trial in Texas and await reversal by [the Fifth Circuit]." *Id.*

Thus, even if Oceanic were correct that Judge Sullivan had already ruled on the proximate cause issue that is now before this Court on the Rule 12(c) motion — which he plainly did not — *Loumar* makes clear that this Court would be free to review Judge Sullivan's work on that issue. As in *Loumar*, it would be a "sheer waste" to ignore *AGC*, *Holmes* and *Anza* — as Oceanic urges — and allow this case to proceed through discovery and trial, only to "await reversal" by the Fifth Circuit on the basis of those authorities.

In sum, given that the proximate cause requirements of *AGC*, *Holmes* and *Anza* were not presented to Judge Sullivan, and given that the law of the case doctrine would not prevent this Court from considering those controlling authorities even if Judge Sullivan had already done so, there is no basis to Oceanic's accusation that ConocoPhillips and its counsel, by filing the Rule 12(c) motion, have somehow "reneged" on "representations" they made to Judge Sullivan.

**3.     DISCOVERY ON THE RULE 12(c) MOTION
        IS UNNECESSARY AND UNWARRANTED.**

As an alternative to Oceanic's motion to "strike" ConocoPhillips' Rule 12(c) motion, Oceanic asks the Court to put off any decision on the Rule 12(c) motion until Oceanic takes discovery. This request is premised on a misreading, or at least a mischaracterization, of ConocoPhillips' motion for judgment on the pleadings. The Rule 12(c) motion is just that — a motion for judgment *on the pleadings*. It is not "predicated upon key disputed factual issues," as Oce-

anic contends.  Nor does it ask this Court to "accept any . . . factual premises as true" or to resolve any "disputed issue of material fact."  Oceanic Brief at 10-11.

As set forth in ConocoPhillips' Rule 12(c) motion papers, the reason Oceanic's case fails at the pleading stage on grounds of proximate cause is not merely because — apart from conclusory assertions — Oceanic has failed to plead that it would have qualified to bid and that it would have won the hypothetical second round of bidding that Oceanic asks the Court to imagine.

Rather, the reason Oceanic's case fails on the pleadings is that — from beginning to end — Oceanic's complaint fails to meet the requirements of direct injury and non-speculative "certainty of damages" mandated by the Supreme Court's holdings in *AGC*, *Holmes* and *Anza*. And while the entirely speculative nature of Oceanic's purported causal chain *includes* the links of whether Oceanic could have qualified and would have won any such hypothetical second auction, the problems for Oceanic do not end there.  As set forth on pages 14-22 of ConocoPhillips' brief on the Rule 12(c) motion, the contention that there is *any* causal relationship between the alleged bribery and Oceanic's claimed injury would also necessarily depend upon impermissibly speculative suppositions that, absent the alleged bribery, East Timor would have determined to re-open bidding for the 1991 oil and gas concessions, and that Australia would have concurred in that determination.  And, once again, Oceanic's complaint is devoid of any allegation of bribery of any Australian official or, for that matter, any allegation that Australia would ever have countenanced abrogation of the existing concessions and re-opening of some new round of bidding. *See* Defs.' Mem. On Rule 12(c) Motion at 16.

On its face, and under controlling doctrines of law, Oceanic's pleading cannot stand because its purported chain of causation as a whole is impermissibly indirect and uncertain. *See* Defs.' Mem. on Rule 12(c) Motion at 12-25.  The discovery that Oceanic seeks will not fa-

cilitate that determination in any way.  To the contrary, as ConocoPhillips has shown in its motion to stay discovery, the conduct of any discovery before the Rule 12(c) motion is resolved would accomplish nothing other than a massive waste of the parties' effort and expense.  *See* Defs.' Mem. on Motion to Stay at 3-5.

## Conclusion

For the reasons set forth above, it is respectfully submitted that Oceanic's motion to strike should be denied.  The Court should proceed with ConocoPhillips' Rule 12(c) motion on such timetable as the Court deems appropriate and should continue the stay of discovery pending determination of that motion.

Dated:  April 3, 2007

Respectfully submitted,

BEIRNE, MAYNARD & PARSONS L.L.P.

_____/s/ Martin D. Beirne_____

*Of Counsel:*

Herbert M. Wachtell
John F. Lynch
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York  10019
212.403.1000 (telephone)
212.403.2000 (facsimile)

Finis E. Cowan, Jr.
Collin J. Cox
YETTER & WARDEN LLP
Two Houston Center
909 Fannin, Suite 3600
Houston, Texas  77010
713.632.8000 (telephone)
713.632.8002 (facsimile)

Martin D. Beirne
Texas State Bar No. 02055000
Southern District of Texas No. 3120
1300 Post Oak Blvd., 25th Floor
Houston, Texas  77056
713.623.0887 (telephone)
713.960.1527 (facsimile)

***Attorney in charge for defendants Conoco-Phillips and ConocoPhillips Company***

Ronald D. Krist
THE KRIST LAW FIRM, P.C.
One Corporate Plaza
2525 Bay Area Blvd., Suite 410
Houston, Texas 77058
281.283.8500 (telephone)
281.488.3489 (facsimile)

David A. Pluchinsky
Texas State Bar No. 16074400
Southern District of Texas No. 9159
BEIRNE MAYNARD & PARSONS L.L.P.
1300 Post Oak Blvd., 25th Floor
Houston, Texas  77056
713.623.0887 (telephone)
713.960.1527 (facsimile)

Thomas D. Yannucci, P.C.
Michael D. Jones
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005
202.879.5000 (telephone)
202.879.5200 (facsimile)

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing Unopposed Motion to Enter Agreed Confidentiality Order was sent to all known counsel of record via electronic service, certified mail, return receipt requested, electronic mail, first class mail, and/or facsimile transmission, on the 3rd day of April, 2007.

_____ /s/ Martin D. Beirne_____
Martin D. Beirne